**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Mark Richard Fuller,<br><br>Defendant. | No. CR10-00605-PHX-DGC<br><br>**ORDER** |

On August 4, 2010, Defendant Mark Richard Fuller pled guilty to two counts of structuring financial transactions, in violation of 31 U.S.C. § 5324(a)(3). Doc. 48. On January 12, 2011, the Court entered a final judgment and assessed a fine of $198,510. Doc. 47. In a related civil action before Magistrate Judge Aspey, the parties submitted a stipulation on November 29, 2010, that a substitute res, "in the form of a guaranteed check in the amount of $25,000, paid to the Order of the United States Treasury, shall be submitted to [the government] *at or prior to* the time of the submission of this Stipulation for the approval of the Court." 10-CV-02216-MEA Doc. 10, at 3. In specific reliance on these terms, the government agreed that the $25,000 substitute res "shall be applied to reduce the amount agreed to be paid as a fine in the related plea agreement" in the instant case. 10-CV-02216-MEA Doc. 10, at 4. Defendant delivered the substitute res on February 24, 2011, well after his sentencing in this case and entry of the Court's judgment. Doc. 61, at 2; *see* 10-CV-02216-MEA Doc. 12 (notice of receipt of payment).

Defendant now moves for a reduction of the fine amount entered by this Court. Doc. 61. The government does not object to Defendant's motion and concedes that it

"may be fair to reduce his fine to $179,960.00 from $198,510.00," but is unaware of any authority which would allow modification of the final judgment. Doc. 62, at 2. In reply, Defendant submits that the Court has authority under Rule 36 of the Federal Rules of Criminal Procedure to correct clerical errors in judgments. Doc. 63, at 1.

Rule 36 states: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The Ninth Circuit has explained that "[a] change made under Fed. R. Crim. P. 36 can do no more than conform the sentence to the term which the record indicates was intended." *United States v. Kaye*, 739 F.2d 488, 490 (9th Cir. 1984). S*ee also United States v. Penna*, 319 F.3d 509, 513 (9th Cir. 2003) ("Rule 36 is a vehicle for correcting *clerical* mistakes but it may not be used to correct judicial errors in sentencing.") (emphasis in original).

Defendant cites *United States v. Quintero* in support of his position that the Court has authority under Rule 36 to correct the fine amount. Doc. 63, at 1-2. Quintero had entered a plea agreement which provided for the forfeiture of his vehicle, but the forfeiture was neither mentioned at sentencing nor included in the written judgment. *United States v. Quintero*, 572 F.3d 351, 352 (7th Cir. 2009). The district court found that the omission was a clerical error under Rule 36 and ordered that the forfeiture provision be included in the judgment. *Id.* The Seventh Circuit upheld the correction under Rule 36 because the district court properly corrected the judgment "to include what everyone intended, expected, and agreed to in the plea agreement." *Id.* at 353. "The district court did not re-write history, or substantially modify the sentence, when it amended the judgment. The proceedings leading up to sentencing demonstrated that the district court intended, and all parties understood, that the [vehicle] would be forfeited." *Id.* Defendant argues that this case is analogous to *Quintero* because "all parties intended at the time of Defendant's plea and sentencing that his fine would be reduced by the amount recovered in the civil forfeiture," and because a correction would not constitute a "re-writing of history" but would make the judgment conform to the parties'

expectations. Doc. 63, at 2. The Court disagrees.

The stipulation agreement makes clear that the parties intended for the substitute res to be submitted to the government "at or prior to" the time the stipulation was submitted for approval by Judge Aspey. 10-CV-02116-MEA Doc. 10, at 3. The parties agreed, "[i]n specific reliance" on those terms, that the criminal fine would be reduced by the substitute res amount. 10-CV-02116-MEA Doc. 10, at 4. Defendant did not deliver the substitute res to the government at or prior to the time the stipulation was submitted, and thus the Court entered a fine of $198,510, without the $25,000 reduction for the substitute res. Doc. 47. Defendant concedes that "the only reason that the amount [of the substitute res] was not applied to reduce the fine is that it was not timely submitted. This error was not intentional, but was rather an oversight on the part of the Defendant."[1] Doc. 61, at 2. An oversight by a party does not constitute a clerical error when the Court's January 12, 2011 judgment conforms precisely to the parties' expectations as captured in the stipulation agreement. Absent a clerical error, the Court has no authority under Rule 36 to modify the judgment by reducing the fine.

**IT IS ORDERED** that the motion to reduce fine (Doc. 61) is **denied**.

Dated this 19th day of April, 2012.

David G. Campbell
United States District Judge

---

[1] Defendant explains that his check for the substitute res was initially made payable to "United States of America," was returned by the government as referring to an incorrect payee, and was then made payable to "US Treasury" and redelivered. Doc. 61, at 2. The parties' stipulation agreement expressly required that the check be "paid to the Order of the United States Treasury[.]" 10-CV-02216-MEA Doc. 10, at 3.